UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK C. GARNER,

        Petitioner,        Case No. 1:09-cv-656

v.        Honorable Janet T. Neff

SHIRLEE A. HARRY,

        Respondent.
_____

**OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Background**

Petitioner Derrick C. Garner presently is incarcerated at the Muskegon Correctional Facility. After a bench trial, Petitioner was convicted of unarmed robbery, MICH. COMP. LAWS § 750.530, as a fourth habitual offender, MICH. COMP. LAWS § 769.12. Petitioner was sentenced on November 2, 2006 to a prison term of eight to twenty years.

Petitioner has summarized the facts underlying his conviction in Attachment C to the habeas petition, as follows:

> At trial, Jeanette Farber testified that she had set some $5 bills and $1 bills on top of a safe; she had been counting the $1 bills (I Tr 10). Defendant tried to grab the money, but she "scooped it up under" her (I Tr 11). He "couldn't get at it" and "He didn't get it" (I Tr 11). He tried to grab it again, but she "tried to shove the money into the safe" (I Tr 12) When she did that, "some of the 1's went flying" (I Tr 12). She did not know if he grabbed any of them at that time (I Tr 12). Later, she counted the money and was "short" by two dollars (I Tr 12). She had been counting a pile of bills to make sure that she had 50 $1 bills (I Tr 17). It had been banded as 50 bills (I Tr 17). Her conclusion that two bills were missing was based on her assumption that 50 bills had been present (I Tr 17). She did not see Defendant with any money in his hands (I Tr 17-18). She did not know if he picked up any of the money (I Tr 22). When she had counted money from the bank in bands, the number had never been off (I Tr 38). Sergeant Stefanich testified that, when Defendant was arrested, he had two $1 bills in a pocket; Defendant had a wallet, but the bills were in his pocket (I Tr 65-66). Defendant testified that he did not obtain any money in the store. The court did not believe Defendant['s] version of what happen[ed] during the time in question and found him guilty.

(Att. C to Pet., docket #1-2 at 3.)

Petitioner appealed his conviction and sentence to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the same two issues raised in the instant petition for habeas relief:

I. THE TRIAL COURT CLEARLY ERRED BY FINDING THAT DEFENDANT ACTUALLY COMMITTED, RATHER THAN MERELY ATTEMPTED TO COMMIT A LARCENY.

> II. PLAIN ERROR AFFECTING DEFENDANT'S SUBSTANTIAL RIGHTS OCCURRED WHERE DEFENDANT WAS DENIED CREDIT FOR TIME SPENT IN JAIL BECAUSE OF HIS INABILITY TO POST BOND AND NO INFORMATION WAS PRESENT INDICATING THAT HE WAS HELD PURSUANT TO A PAROLE DETAINER.

(Att. C to Pet., docket #1-2 at 3-4.) In an unpublished opinion issued April 1, 2008, the court of appeals rejected both claims and affirmed the conviction and sentence. *People v. Garner*, No. 277019 (Mich. Ct. App. Apr. 1, 2008) (MCOA Op.). The Michigan Supreme Court denied leave to appeal on July 29, 2008. Petitioner filed the instant petition on July 13, 2009.

**Discussion**

I. Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are

materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams v Taylor*, 529 U.S. at 413; *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

II. Analysis

**A. Sufficiency of the Evidence**

Petitioner contends that the trial court, acting as factfinder, erred in concluding that he was guilty of unarmed robbery, as the facts proved only that he had attempted an unarmed robbery. In its opinion, the Michigan Court of Appeals recited very similar facts to those set forth by Petitioner in his habeas application:

> On May 12, 2006, defendant entered a Family Dollar store when the assistant manager was counting money to give to one of the cashiers. The money being counted was in banded prepackaged bundles from the bank marked as $100 in five-dollar bills and $50 in one-dollar bills. When defendant saw the money, he turned

and tried to grab it. He was unsuccessful on the first attempt, and when he tried a second time, the assistant manager shoved the money into the safe below the counter. Some of the one-dollar bills went flying as the assistant manager tried to get all the money into the safe.

When the assistant manager counted the money after defendant left the store, she was two dollars short of what should have been there according to the bank bundles. A police officer found defendant approximately twenty minutes after the incident. Defendant was in a Dumpster and had exactly two dollars on his person.

(MCOA Op. at 1.) In his habeas application, Petitioner does not dispute any of the facts recited by the Michigan Court of Appeals.

On the basis of the recited facts, the court of appeals addressed Petitioner's first ground as a challenge to the sufficiency of the evidence:

When determining where sufficient evidence was presented to the trial court to support a conviction, this Court views the evidence in the light most favorable to the prosecution and determines "whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007).

This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses. Circumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. All conflicts in the evidence must be resolved in favor of the prosecution. [*Id.* (internal citations omitted).]

The evidence presented was that the money being counted by the assistant manager was bundled and banded, but it was store policy to always count the money even if it came directly from the bank. Assuming that the bank's bundles were accurate, there were $2 missing after defendant left the store. When defendant was found approximately 20 minutes later, he had exactly two one-dollar bills on him.

When viewing the evidence in the light most favorable to the prosecution, a rational trier of fact cound find that defendant succeeded in taking two dollars from the Family Dollar store. Therefore, there was sufficient evidence to support the trial court's determination.

(MCOA Op. at 1-2.)

The standard of review applied by the Michigan Court of Appeals was fully consistent with Supreme Court precedent. A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The court of appeals reasonably applied the *Jackson* standard to the undisputed facts. A reasonable factfinder properly could infer that the bank package of $50.00 in one-dollar notes was accurate, especially in light of the testimony that the manger had never found an inaccurate count in the bank packages. In addition, Petitioner was trying to grab the money at the time the bills got loose. Moreover, Petitioner was found only twenty minutes later, hiding in a dumpster. He had only two dollars in his possession, and those two dollars were stuffed in his pocket, not placed in his wallet. Taken together, the totality of the circumstances leave little room for doubt that Petitioner stole two dollars from the Family Dollar Store. The trial judge's factual finding was entirely reasonable, and Petitioner has failed entirely to rebut the evidence, much less rebut it by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at

656. Further, the court of appeals' decision on Petitioner's first habeas ground constituted a reasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

### B. Sentence Calculation Error

In the state courts and in his habeas application, Petitioner complained that he should have received credit for time he was jailed and awaiting trial and sentence. Specifically, he argued that no parole detainer was contained in his sentencing file. He therefore contended that the sentencing court improperly relied on the existence of the detainer in denying sentence credit. The court of appeals concluded that the issue was moot because, following Petitioner's submission of his appellate brief, the parole detainer was made part of the file by stipulation of the parties and order of the trial court.

Petitioner has not presented his claim as one of constitutional dimension. Instead, he has invoked state law, and the state courts appear to have resolved the question solely under state law. This Court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). As a consequence, to the extent Petitioner rests his claim on state law, his claim is not cognizable in this proceeding.

Construing the allegations of the application generously, however, Plaintiff arguably suggests a due process challenge to the accuracy of the information relied upon at sentencing.[1] A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Here, Petitioner does not even attempt to dispute that a parole detainer had been lodged with the jail prior to his sentencing. Instead, he merely argues that the sentencing court did not have a written record of the detainer in the court file and therefore should not have been able to rely upon it. He therefore fails to argue, much less prove, that the information was "materially false." *Tucker*, 404 U.S. at 447. As a result, Petitioner fails to demonstrate a due process violation.

---

[1]Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner did not argue in the state court that his sentence violated due process because it was based on inaccurate information. The claim, therefore, is not exhausted. However, a habeas application "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." The Court, therefore, has addressed the merits of Petitioner's claim without first requiring exhaustion.

Further, even had Petitioner been able to prove error, that error would be harmless. *See Fry v. Pliler*, 551 U.S. 112 (2007) (holding that federal courts on habeas review court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993)). The record has now been supplemented by the stipulation of the parties. At resentencing, the trial court would have the detainer evidence before it and could properly make the identical finding.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not

warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: July 30, 2009              /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge